UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: <u>Woodrow M. & Liliana Medina,</u>　　　　　　　　Bk. No. 12-10166-JMD
　　　　　　Debtors

　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

EX PARTE MOTION TO APPROVE LUMP-SUM SETTLEMENT AGREEMENT
ALREADY APPROVED BY THE MASSACHUSETTS DEPARTMENT OF INDUSTRIAL
ACCIDENTS FOR FULLY EXEMPT WORKER'S COMPENSATION CLAIM

NOW COME Debtors, Woodrow M. & Liliana Medina, in the above-captioned matter, by and through their counsel, FAMILYLEGAL, and hereby move this Honorable Court issue an order approving the lump-sum settlement agreement between Debtor Liliana Medina and her employer, Trustees of Philips Academy,[1] by and through its administrator NEEIA Compensation, Inc., a copy of which appears at Exhibit A, attached hereto and incorporated herein by reference. In support hereof, Debtors state as follows:

1. On January 20, 2012, (the "Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101- 1532 (the "Bankruptcy Code");

2. Prior to filing the petition, Debtor Liliana Medina, on December 4, 2011, filed a claim for workers' compensation benefits under Mass.Gen.Laws, ch. 152, arising from an event on September 30, 2011, which she alleged caused a psychological disability from working, bearing Massachusetts Department of Industrial Accidents Board No. 26642-11;

3. On March 23, 2012, this Honorable Court approved the application to employ Attorney Jay M. Wolman of the law firm of D'Angelo & Hashem, LLC, to represent Ms. Medina in her claim for workers' compensation benefits;

4. At the hearing on the application, the Court ordered that if a lump-sum settlement were to be considered, approval would be given subsequent to approval by the Administrative Judge charged with oversight of the workers' compensation claim;

5. On April 12, 2012, Ms. Medina, through Attorney Wolman, presented a proposed lump-sum settlement of Ms. Medina's claim to Administrative Judge Douglas Bean of the Massachusetts Department of Industrial Accidents, memorialized in Exhibit A;

6. On May 10, 2012, Judge Bean approved the lump-sum settlement pursuant to Mass.Gen.Laws, ch. 152, sec. 48(1), which section requires that the agreement be "in the Claimant's best interest";

7. The terms of the agreement are as follows:

    a) Total settlement amount is $15,000;

    b) From that settlement, per Mass.Gen.Laws, ch. 152, sec. 13A(8)(a), the law firm of D'Angelo & Hashem, LLC, is to be paid $2,250.00, representing 15% of the settlement, plus reimbursed $16.50 for the expenses incurred in obtaining certain medical records;

    c) All potential claims for workers' compensation benefits are released, and the self-insurer is relieved from the obligation to pay for medical expenses;

8. The agreement is reasonable;

9. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that *is* being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995);

---

[1] The employer is a self-insurer within the meaning of Mass.Gen.Laws, ch. 152, sec. 25E-25U.

10. Ms. Medina had made a claim per Mass.Gen.Laws, ch. 152, sec. 34, which would have paid weekly benefits in the amount of $530.16, were she successful on her claim;

11. The settlement represents slightly over 28 weeks of workers' compensation benefits;

12. The self-insurer opposed the claim contending that the matter arose from a bona fide personnel action, per Mass.Gen.Laws, ch. 152, sec. 29, barring all compensation;

13. The self-insurer further had retained an independent psychiatrist who evaluated Ms. Medina and found that she was not disabled from working;

14. Effective March 30, 2012, Ms. Medina was approved for non-taxable long-term disability benefits;

15. Ms. Medina could not collect both long-term disability benefits and workers' compensation benefits, as the disability plan language reduced disability benefits by the amount of workers' compensation benefits;

16. Both sets of benefits were 60% of Ms. Medina's average weekly wage, thus resulting in a complete offset;

17. The lump-sum settlement, in combination with disability benefits, exceeds the amount of funds Ms. Medina could have collected had she not resolved her claim, in addition to eliminating the risk of losing such a claim;

18. Collecting long-term disability benefits, rather than ongoing workers' compensation benefits, is superior in that while both require proof of disability, the former does not exclude bona fide personnel actions as the cause for disability;

19. Thus, the value of the claim being compromised is less than the value to the estate of the proposed settlement.

20. The worker's compensation settlement has been claimed to be fully exempt.

21. The Debtor is in great need of the funds contemplated. As indicated above, the state court has already approved the settlement. This court needs to be approve the settlement for it to be fully resolved.

WHEREFORE, the Debtors respectfully request that this Court enter an Order:

a. Approving the Lump-Sum Settlement Agreement; and

b. Granting such other and further relief as is just.

Dated: May 11_, 2012

Respectfully submitted,
Debtors,
By their counsel,

_/s/Sandra Kuhn_____
Sandra A. Kuhn, Esq.
BNH 03832
141 Airport Road
Concord, NH 03301
(603)225-1114

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Motion was sent this __11th___ day of May 2012 to the following parties:
US Trustee
(by ECF)
and to the attached service list.

_/s/Sandra Kuhn_____
Sandra A. Kuhn, Esq.
BNH 03832
141 Airport Road
Concord, NH 03301
(603)225-1114

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: <u>Woodrow M. & Liliana Medina,</u>   Bk. No. 12-10166-JMD
      Debtors

Chapter 13

ORDER

      THIS MATTER came before the undersigned United States Bankruptcy Judge on the Motion to Approve Lump-Sum Settlement Agreement Already Approved By the Massachusetts Department of Industrial Accidents. Upon consideration of the motion, the Court ORDERS, ADJUDGES AND DECREES as follows:

      The Motion to Approve Lump-Sum Settlement Agreement is hereby GRANTED, and it is FURTHER ORDERED that the Lump-Sum Settlement Agreement of Debtor Liliana's claim against Trustees of Philips Academy, bearing Massachusetts Department of Industrial Accidents Board No. 26642-11 is hereby APPROVED.

DATED this ___ day of _____ 2012 at MANCHESTER, NEW HAMPSHIRE.

                                                                                              _____
                                                                             J. Michael Deasy
                                                                             BANKRUPTCY JUDGE