UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: <u>Woodrow M. & Liliana Medina,</u>      Bk. No. 12-10166-JMD
       Debtors

               Chapter 13

MOTION TO EXPEDITE HEARING ON MOTION TO APPROVE LUMP-SUM SETTLEMENT AGREEMENT ALREADY APPROVED BY THE MASSACHUSETTS DEPARTMENT OF INDUSTRIAL ACCIDENTS FOR FULLY EXEMPT WORKER'S COMPENSATION CLAIM

NOW COME Debtors, Woodrow M. & Liliana Medina, in the above-captioned matter, by and through their counsel, FAMILYLEGAL, and hereby move this Honorable Court issue an order allowing for an expedited hearing on the motion for order approving the lump-sum settlement agreement between Debtor Liliana Medina and her employer, Trustees of Philips Academy,[1] by and through its administrator NEEIA Compensation, Inc. In support hereof, Debtors state as follows:

1. On January 20, 2012, (the "Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101- 1532 (the "Bankruptcy Code").

2. Prior to filing the petition, Debtor Liliana Medina, on December 4, 2011, filed a claim for workers' compensation benefits under Mass.Gen.Laws, ch. 152, arising from an event on September 30, 2011, which she alleged caused a psychological disability from working, bearing Massachusetts Department of Industrial Accidents Board No. 26642-11. The worker's compensation award is fully exempt.

---

[1] The employer is a self-insurer within the meaning of Mass.Gen.Laws, ch. 152, sec. 25E-25U.

3. On March 23, 2012, this Honorable Court approved the application to employ Attorney Jay M. Wolman of the law firm of D'Angelo & Hashem, LLC, to represent Ms. Medina in her claim for workers' compensation benefits;

4. The worker's compensation matter has not settled and been approved by the relevant state court administrative tribunal. The worker's compensation case cannot be fully resolved until this Court has approved the settlement.

5. Debtors' special counsel has indicated he is moving to Connecticut and leaving his firm.

6. The Trustee has filed a Motion to Dismiss indicating the settlement of the worker's compensation claim is speculative and on grounds of feasibility. Debtors can have the funds once the Court approved the settlement and may be able to resolve those issues with the Trustee once the Motion is approved.

7. The funds are exempt.

8. Given all of the above, counsel asks that the Court expedite the hearing on the Motion..

WHEREFORE, the Debtors respectfully request that this Court enter an Order:

a. Expediting the hearing on the Motion to Approve Settlement; AND

b. Granting such other and further relief as is just.

Dated: May 14_, 2012

Respectfully submitted,
Debtors,
By their counsel,

_/s/Sandra Kuhn_____
Sandra A. Kuhn, Esq.
BNH 03832
141 Airport Road
Concord, NH 03301
(603)225-1114

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Motion was sent this __14th___ day of May 2012 to the following parties:
US Trustee
(by ECF)
and to the attached service list.

                                        _/s/Sandra Kuhn_____
                                        Sandra A. Kuhn, Esq.
                                        BNH 03832
                                        141 Airport Road
                                        Concord, NH 03301
                                        (603)225-1114

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: <u>Woodrow M. & Liliana Medina,</u>  Bk. No. 12-10166-JMD
          Debtors

Chapter 13

ORDER

      THIS MATTER came before the undersigned United States Bankruptcy Judge on the Motion to Expedite Hearing on Motion to Approve Lump-Sum Settlement Agreement Already Approved By the Massachusetts Department of Industrial Accidents. Upon consideration of the motion, the Court ORDERS, ADJUDGES AND DECREES as follows:

    The Motion to Expedite Hearing is granted. The hearing will he held on May ____, 2012 at _____.

DATED this ___ day of _____ 2012 at MANCHESTER, NEW HAMPSHIRE.

                                _____
                                J. Michael Deasy
                                BANKRUPTCY JUDGE